UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                    :
NATIONAL AIR TRAFFIC                                :
CONTROLLERS ASSOC., *et al*,.                       :
                                                    :        CASE NO. 1:94-CV-00574
            Plaintiffs,                             :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Doc. Nos. 99, 105]
RAYMOND LAHOOD, Secretary                           :
U.S. Department of Transporation, *et al.*,         :
                                                    :
            Defendants.                             :
                                                    :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is *pro se* petitioner Tracy Jenson's motion to amend or supplement the

Court's earlier order granting in part and denying in part the Plaintiffs' motion for summary

judgment and denying the Defendants' motion for summary judgment.  [Doc. 99.]  In that earlier

order, issued on March 2, 1998, the Court vacated the Federal Aviation Administration's ("FAA")

privatization decision regarding certain air traffic control towers and remanded the matter to the FAA

for further proceedings.  [Doc. 69.]  In his generally confusing and repetitive motion, Jenson alleges

that the March 1998 decision caused certain air traffic controllers, including himself, to be put in a

new pay system that resulted in smaller pay increases than other employees' increases.  [Doc. 99.]

Jenson's current motion is opposed by both the Plaintiffs and the Defendants; the Plaintiffs also

request a pre-filing order under the All Writs Act, 28 U.S.C. § 1651(a), to prevent Jenson from filing

-1-

Case No. 1:94-CV-00574
Gwin, J.

additional motions or claims.  [Doc. 100; Doc. 105.]  Jenson has replied.  [Doc. 106.]

The Court now finds that it lacks subject matter jurisdiction to grant Jenson his requested relief.  As this Court already determined in a previous order in 2005, it lacks subject matter jurisdiction over Jenson's wage claim because the claim falls within the ambit of the National Air Traffic Controllers Association's collective bargaining agreement with the FAA.  [Doc. 98 at 3-5.]  Jenson's dispute does not fall within any of the listed exceptions in the collective bargaining agreement and the Court is therefore without jurisdiction to hear the matter.  *Armco Employees Indep. Fed'n, Inc. v. Armco Steel Co.*, 65 F.3d 492, 496 (6th Cir. 1995) (holding that "where a labor agreement mandates arbitration, 'courts must order resort to private settlement mechanisms without dealing with the merits of the dispute.'") (citation omitted).  The earlier 2005 decision was not appealed and the Court will not revisit this already resolved issue.  *See Jenson v. Nat'l Air Traffic Controllers Ass'n*, 2010 WL 3521590, at *3-4 (E.D. Wash, Sept. 7, 2010) (holding that the court lacked subject matter jurisdiction over a similar claim, also filed by Jenson, related to the same pay dispute).  Accordingly, the Court **DENIES** Jenson's motion to amend or supplement.

The Court will also address the Plaintiffs' request for a pre-filing order to prevent Jenson from making future filings.  [Doc. 105.]  In support of this motion, the Plaintiffs point out that this is the second time Jenson, who is a non-party, has tried to reopen the instant case – both times on largely identical grounds – and that Jenson has filed twelve lawsuits since 2003, all seeking redress for the injuries described in the current motion.  [*Id.* at 1.]  Nine of those lawsuits have been dismissed and three recently filed suits are still pending.  [*Id.* at 1.]  The Plaintiffs say that Jenson has "continuously, and knowingly abused the legal process" through his constant filings, which Plaintiffs say all raise similar, if not identical, meritless claims.  [*Id.* at 8-9.]

Case No. 1:94-CV-00574
Gwin, J.

Under the All Writs Act, 28 U.S.C. § 1651(a), a district court has the power to enter pre-filing orders against vexatious litigants requiring the litigant to obtain leave of the court before submitting additional filings. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987). The Court now finds that the filings made by Jenson in this action are frivolous, are made to harass the Court, and abuse judicial processes. Indeed, the Court has now made clear twice that it lacks basic subject matter jurisdiction to grant the relief that Jenson seeks. Accordingly, the Court **GRANTS** the Plaintiffs' request for a pre-filing order to the extent that the motion requests an order applicable to the current suit. Tracy Jenson must in the future seek Court permission before making any filings in this action.

IT IS SO ORDERED.

Dated: March 17, 2011                    s/      *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE